PER CURIAM.
The Florida Bar filed a disciplinary complaint against John L. James. A referee was appointed to hear and consider the matter. The referee’s report is now before the Court for consideration.
Respondent submitted a conditional guilty plea to the referee pursuant to rule 3-7.8 of the Rules Regulating The Florida Bar. Therein he admitted having been abusive to a client, suing his client for attorney’s fees, and using intimidating and frightening tactics to collect his award in violation of Disciplinary Rule 1-102(A)(6) of the former Code of Professional Responsibility (conduct adversely reflecting on fitness to practice law). The Florida Bar approved the conditional guilty plea and joined in presenting it to the referee as a consent judgment for an agreed disciplinary measure. The discipline provided in the consent judgment is suspension from the practice of law for ninety days, to run from May 29, 1986, and that upon reinstatement, respondent will be on probation for one year. The referee accepted the plea and recommended imposition of discipline in accordance with the consent judgment. The probation recommended was described by the referee as follows: “Such probation is supervisory in nature and will be applicable only if Respondent practices as a sole practitioner without direct supervision.”
On October 24, 1985, this Court ordered the respondent suspended for four months, effective November 25, 1985. The Florida Bar v. James, 478 So.2d 27 (Fla.1985). Respondent has remained suspended since the effective date of that order, since reinstatement was not to be automatic but required proof of rehabilitation through reinstatement proceedings.
We approve the referee's report and impose a retroactive, already completed ninety-day suspension. In the event respondent is reinstated to the practice of law, he shall be on supervised probation for one year.*
The costs of this proceeding are taxed against the respondent. Judgment is entered against John L. James for costs in the amount of $632.27, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

 In Case No. 72,325, there is now pending respondent’s reinstatement petition. In that proceeding, the same referee has recommended respondent's reinstatement without reference to probation.